IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAUL CASTONGUAY SR., | ) | 8:09CV251 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY | ) | |
| CORRECTION CENTER, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Notice of Appeal (filing no. 34) and Motion of Violations (filing no. 31).

## *I. Background*

On December 23, 2009, the court dismissed Petitioner's habeas corpus claims without prejudice and entered judgment against him because his Petition for Writ of Habeas Corpus was premature. (Filing Nos. 29 and 30.) That same day Petitioner filed his Motion of Violations. (Filing No. 31.) Thereafter, Petitioner filed a timely Notice of Appeal of the court's Judgment. (Filing No. 34.)

## *II. Petitioner's Motion of Violations*

The court liberally construes Petitioner's Motion of Violations as a Motion to Reconsider the court's December 23, 2009, Memorandum and Order and Judgment dismissing this matter. (Filing No. 31.) In this Motion, Petitioner states that the Nebraska Douglas County District Court sentenced him on Friday December 18, 2009. (*Id*.) The court has carefully reviewed the record. Even if Petitioner has been sentenced, his claims remain entirely unexhausted. *See* 28 U.S.C. 2254(b)(1)(A). Therefore, the court finds no good cause to reconsider its previous Memorandum and

Order.  *See* Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts* (a judge is required to promptly review every petition and "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

### III.  Petitioner's Notice of Appeal

Also pending is Petitioner's Notice of Appeal.  (Filing No. 34.)  Before a petitioner may appeal the dismissal of a petition for writ of habeas corpus, a "Certificate of Appealability" must issue.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; ....
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).[1]

---

[1] Similarly, Federal Rule of Appellate Procedure 22(b), as amended by the AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue.  *See generally Tiedeman v. Benson*, 122 F.3d 518, 521 (8th Cir. 1997).

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing *Barefoot v. Estelle*, 463 U.S. 894 (1983) (defining pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Similarly, if the district court denies a petition for writ of habeas corpus on procedural grounds without reaching the underlying constitutional claims on the merits:

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . would find it debatable whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

Petitioner has not filed a motion for a certificate of appealability or a brief in support. (*See* Docket Sheet.) Accordingly, this matter cannot proceed on appeal until the question of the certificate of appealability is considered.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion of Violations (filing no. 31), construed as a Motion for Reconsideration, is denied.

2. Petitioner shall have until February 15, 2010, to file a motion for certificate of appealability and brief in support. At that time, Petitioner may also submit a motion for leave to appeal in forma pauperis.

3. In the event that Petitioner fails to file a motion and brief as set forth in this Memorandum and Order, the court will deny the issuance of a certificate of appealability without further notice.

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: "February 15, 2010, check for COA."

January 14, 2010.                    BY THE COURT:

                                     *Richard G. Kopf*
                                     United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.